UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARK A. SCHIEFELBEIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-00066 |
| | ) | Judge Sharp |
| JIM MORROW, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

Pending before the court is an "Objection to the Record Provided by the Respondent" (Docket No. 24) and a "Motion for Reconsideration for Appointment of Counsel and Request for an Evidentiary Hearing" (Docket No. 25), both filed by the petitioner on June 21, 2011.

The respondent previously requested (Docket No. 13) and was granted (Docket No. 15) a 45-day extension within which to obtain the petitioner's state court records and to submit an answer to the pending petition for writ of *habeas corpus* relief under § 2254. The respondent has now filed an answer. (Docket No. 18). However, with his answer, he has informed the court that there are certain portions of the state court record that may be relevant to this case but are "currently unavailable" due to the Nashville flood of 2010. (Docket Nos. 19 and 20 at p.1 n.1). The petitioner asserts that he will need these records to prepare a reply to the respondent's answer. (Docket Nos. 24 and 25).

The court has reviewed the record as provided by the respondent and finds that the record is insufficient for the court to dispose of the petition at this time. Accordingly, pursuant to Rule 5(c),

1

Rules – § 2254 Cases, the respondent is ordered to provide the following documents to the petitioner and to the court within 45 days of receipt of this order:

1. The state court trial transcripts;[1]
2. Page 36 of the state's brief on direct appeal (Addendum 2, Document 2);
3. Appendix, pages 18 through 37, to the reply brief (Addendum 2, Document 3);
4. Appendix, all pages, to the Rule 11 Application to Appeal to the Tennessee Supreme Court (Addendum 2, Document 11);[2]
5. Appendix, pages 234 through 269, to the appellant's brief on appeal from the denial of post-conviction relief (Addendum 4, Document 1); and
6. Page 521 of Addendum 1, Volume 4.

As to exhibits admitted at trial and/or at the petitioner's sentencing hearing in the state court proceedings in this case that are sensitive in nature,[3] these exhibits shall be provided <u>to the court</u>. The respondent shall file the exhibits <u>manually, under seal</u>. Any exhibit, etc. submitted under seal is <u>not</u> to be provided to the petitioner. If the court determines that any of these materials should be provided to the petitioner, the court will direct the Clerk to provide copies of the materials to the

---

[1] The petitioner specifically seeks the transcript of the Motion for a New Trial consisting of 103 pages, from 2173 to 2276. (Docket No. 24 at p.3).

[2] Items (b) and (c) on page 3 of petitioner's Objection (Docket No. 24) appear to reference the same missing page number (36) from the State's brief on direct appeal. The court's copy of this brief is not missing page 37. As to item (g) on page 3 of petitioner's Objection, the court's copy of the Application to Appeal to the Tennessee Supreme Court consists of 5 unnumbered pages. Thus, the court cannot ascertain to what the petitioner refers when he states that pages 2 through 30 are missing.

[3] For example, the videotapes seized at the petitioner's residence and place of business, identified as trial exhibits 25, 26, 27, 28, and 29, were ordered to remain under seal by Judge Russ Heldman of the Williamson County Criminal Court on January 16, 2004. However, Judge Heldman's order specifically provides that a federal judge considering a request for *habeas* relief by the petitioner could review the videotapes. Further, the petitioner lists a number of additional items on page 2 of his Objection (Docket No. 24) that may be sensitive or graphic in nature, such as: diagrams, audio tapes, statement of B.R. to the Brentwood detective, and a drawing made by the petitioner.

petitioner at a later time.

If the respondent is unable to furnish any of the above materials for any reason, the respondent shall promptly notify the court so as not to impede the progress of this case.

The petitioner is **GRANTED** an extension of forty five (45) days from the date that he receives these documents from the respondent in which to file a reply to the response.

The petitioner's motion for reconsideration of appointment of counsel and for an evidentiary hearing (Docket No. 25) is **DENIED.**

It is so **ORDERED**.

_____
Kevin H. Sharp
United States District Judge