IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK A. SCHIEFELBEIN            )
                                )
v.                              )     No. 3:11-0066
                                )     Judge Sharp/Bryant
JIM MORROW                      )


To:     The Honorable Kevin Sharp, Chief Judge


## REPORT AND RECOMMENDATION

This habeas corpus case has been referred to the undersigned Magistrate Judge for further proceedings, by Order entered September 29, 2011. (Docket Entry No. 38) On April 7, 2014, petitioner Mark A. Schiefelbein filed a motion for summary judgment. (Docket Entry No. 49) That motion is the subject of this Report and Recommendation. For the reasons given below, the undersigned recommends that petitioner's motion for summary judgment be DENIED.

## I. STATEMENT OF THE CASE

Petitioner was convicted by a Williamson County jury of seven counts of aggravated sexual battery and one count of aggravated sexual exploitation of a minor. The Tennessee Court of Criminal Appeals affirmed the judgment on direct appeal. State v. Schiefelbein, 230 S.W.3d 88 (Tenn. Ct. Crim. App. 2007). On June 18, 2007, the Tennessee Supreme Court denied petitioner's application for permission to appeal. Petitioner did not seek review in the United States Supreme Court.

On March 25, 2008, the petitioner filed a petition for post-conviction relief in

the trial court. Following a hearing, the trial court denied relief. That decision was affirmed on appeal. Schiefelbein v. State, 2010 WL 1998744 (Tenn. Ct. Crim. App. May 19, 2010). The Tennessee Supreme Court denied petitioner's application for permission to appeal on November 10, 2010. Petitioner did not seek review in the United States Supreme Court. On January 21, 2011, petitioner filed his original, *pro se* habeas corpus petition for relief under 28 U.S.C. § 2254. (Docket Entry No. 1) Following the state's response to that petition (Docket Entry No. 18) and after securing counsel, petitioner filed an amended petition on January 2, 2012. (Docket Entry No. 39) The amended petition seeks the issuance of the writ on grounds of judicial bias, ineffective assistance of counsel, and denial of a public trial.

Petitioner now seeks summary judgment on his claim of judicial bias. He has submitted a comprehensive statement of material facts not in dispute (Docket Entry No. 50), which support his motion but which respondent has not been required to respond to. (Docket Entry No. 71) In response to the motion, respondent has asserted arguments related to the timeliness of the amended petition, the failure to properly exhaust the judicial bias claim, and the procedural default of petitioner's judicial bias claim. Respondent has not addressed the merits of the judicial bias claim. In reply to respondent's response, petitioner has argued that the amended petition is timely, that respondent waived his affirmative defenses by failing to respond to the amended petition, that claims of judicial bias cannot be procedurally defaulted, and that the finding of trial court bias by the Tennessee Court of Criminal Appeals required reversal of his conviction and a new trial under clearly established federal law.

The facts informing the instant motion for summary judgment may be gleaned from the decision on direct appeal of the Tennessee Court of Criminal Appeals. State v.

Schiefelbein, 230 S.W.3d 88 (Tenn. Ct. Crim. App. 2007), the petitioner's statement of material facts (Docket Entry No. 50), and further from the discussion below.

## II.  CONCLUSIONS OF LAW

### 1.  Timeliness of the Amended Petition

Respondent first argues that the amended petition was not filed timely, inasmuch as it was filed after the expiration of the one-year limitations period applicable to habeas petitions and does not relate back to the filing of the original, *pro se* petition.  This argument is without merit.  The undersigned is not persuaded that the amended petition "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Mayle v. Felix, 545 U.S. 644, 650 (2005).  Rather, the amended petition was clearly submitted (1) to supplement and streamline the arguments advanced in the original petition in support of the same broad grounds for relief, i.e., judicial bias, ineffective assistance of counsel, and denial of a public trial, and (2) in reply to the state's contentions in their response to the original petition, as contemplated and invited by this Court's order of July 1, 2011 (Docket Entry No. 26 at 1, 3).  Respondent objects to the amended petition recasting the freestanding claims of the original petition as allegations and arguments in support of the judicial bias claim, and further objects that "[t]he amended petition adds facts that were not presented in the original petition." (Docket Entry No. 66 at 31)  However, the amended petition does not add new claims as such,[1] and the new factual

---

[1] Compare the Mayle case, in which the original petition alleged a claim under the Confrontation Clause of the Sixth Amendment vis-à-vis the admission of a videotaped deposition of a prosecution witness, while the amended petition, after reasserting the Sixth Amendment claim, additionally alleged a violation of the petitioner's Fifth Amendment right against self-incrimination

3

allegations of the amended petition cannot be said to stray from the "common core of operative facts" giving rise to the claims originally pled. Mayle v. Felix, 544 U.S. at 664 & n.7. Accordingly, to the extent that the amended petition's timeliness is properly subject to challenge, the undersigned would find that relation back is in order.[2]

## 2. Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770, 780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000). Claims reviewed by the state courts for plain error are deemed to have been adjudicated on the merits for the purpose of receiving deference under AEDPA. Fleming v. Metrish, 556 F.3d 520, 530-32 (6th Cir. 2009).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States

---

over the allegedly coercive tactics used by the police to obtain damaging statements from him. The Supreme Court ruled that the new, Fifth Amendment claim did not relate back to the timely, original filing, given that the two claims arose from different operative facts concerning different stages of the prosecution.

[2]Likewise, the undersigned would find that respondent was not required to raise or waive his affirmative defenses of proper exhaustion and procedural default in a response to the amended petition. As recognized by petitioner (Docket Entry No. 69 at 7 n.1), these defenses were raised in respondent's answer to the original petition.

Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. For the writ to issue due to an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Id. at 412-13. In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id. at 389.

### 3. Analysis of the Motion

#### a. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Neither party contends that any material facts are disputed here. Accordingly, petitioner bears no evidentiary burden, but must establish that he is entitled to judgment as a matter of law on the undisputed factual record.

#### b. Exhaustion and Procedural Default

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner

is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327, 331 (6th Cir. 1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538, 552 (6th Cir. 2004), *abrogated on other grounds by* Guilmette v. Howes, 624 F.3d 286 (6th Cir. 2010). In other words, the petitioner must present "the same claim under the same theory" to the state courts. Id. It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4, 6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990). In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; see also Adams v. Holland, 330 F.3d 398 (6th Cir. 2003). However, if an unexhausted claim can no longer be pressed in state court because it is procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review, and the exhaustion requirement is technically met. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual

6

prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996). General, conclusory assertions of cause and prejudice will not suffice; rather, affirmative evidence or argument as to the precise cause and prejudice must be produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir. 2006). To demonstrate cause, the petitioner must show than an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986).

c. Claim of Judicial Bias

Respondent argues that petitioner never fairly presented his claim of judicial bias as a federal claim in state court, and so is barred from bringing it in the first instance on federal habeas review. Citing Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Wong v. Money, 142 F.3d 313, 321-22 (6th Cir. 1998). In reviewing a petitioner's state court presentation of a federal claim, four characteristics are significant: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." Newton v. Million, 349 F.3d 873, 877 (6th Cir. 2003), *abrogated on other grounds as recognized in* English v. Berghuis, 529 Fed. Appx. 734, 744-45 (6th Cir. July 10, 2013) (quoting McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)).

In petitioner's brief on direct appeal to the Tennessee Court of Criminal Appeals, he raised the following issue pertaining to judicial bias:

> 4. The Trial Court Exhibited Extreme Bias During the Trial and Improperly Asked Questions of State Witnesses Which Were Designed to Bolster the Prosecution and Harm Mr. Schiefelbein in Violation of

> the Due Process Provisions of the United States and Tennessee
> Constitutions.

(Docket Entry No. 19-8 at 176) This presentation is strikingly similar to that addressed in Newton, where the petitioner had asserted in state court that "the trial court's refusal to instruct the jury on the issue of self-protection against multiple aggressors 'violated [his] right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution.'" Newton, 349 F.3d at 877. As the Sixth Circuit explained: "This is sufficient to have fairly presented the federal nature of his claim to the state court. There is no requirement that the petitioner cite to cases that employ federal constitutional analysis where he has phrased his claim in terms of a denial of a specific constitutional right. Moreover, the fact that the [state appellate court] neglected Newton's federal claim does not deprive this court of jurisdiction." Id. In the case at bar, petitioner's state court appellate brief, at issue #4, did not make superficial reference to notions of "due process" or a "fair trial" as bare adornment of a claim which is based entirely on state statutory or constitutional law, such as has been held insufficient in other cases to fairly present a federal claim. E.g., McMeans v. Brigano, 228 F.3d at 682. Rather, petitioner claims under a specific provision of the United States Constitution, and repeats his reference to this provision on more than one occasion in his argument The undersigned, following Newton, concludes that petitioner's claim of the trial judge's bias was fairly presented to the Tennessee Court of Criminal Appeals as a federal due process claim, insofar as that claim is grounded in the judge's questioning of the witnesses. Accordingly, that claim may be entertained in this Court as grounds for issuance of the writ of habeas corpus, pursuant to its assertion in the original and amended petitions. (Docket Entry No. 1 at 7; Docket Entry No. 1-1 at 161, ¶ 4; Docket Entry

8

No. 39 at 9-12, ground #2)

However, in his amended petition, petitioner also asserts that the Tennessee Court of Criminal Appeals' ruling on his claim of judicial bias was contrary to, and an unreasonable application of, clearly established federal law insofar as the appellate court ruled that the trial judge was disqualified from further proceedings in petitioner's case, rather than ordering that the judgment against petitioner be reversed and a new trial be conducted. (Docket Entry No. 39 at 19-23) It is upon this ground that the pending motion for summary judgment stands. In his Memorandum in support of his motion for summary judgment, petitioner summarizes his judicial bias claim as follows:

> The Tennessee Court of Criminal Appeals found that the trial judge's "partiality was reasonably in doubt" based, in large part, on his biased actions during trial, as well as on his possible "antipathy towards the defense." However, the appellate court merely recused the trial judge from future proceedings. This was the incorrect remedy: when a court finds that a defendant is tried by a biased judge this is structural constitutional error, in violation of the Due Process Clause, and the only remedy is reversal of the conviction.
>
> * * *
>
> Under clearly established federal constitutional law, once judicial bias is found, the only remedy is a new trial. . . . Crucially, a reviewing court cannot "disregard a judicial-bias error on the theory that the defendant failed to preserve it or suffered no actual prejudice from it." Railey v. Webb, 540 F.3d 393, 399 (6th Cir. 2008), cert. denied, 129 S.Ct. 2878 (2009).

(Docket Entry No. 51 at 6, 13) (other citations omitted)

In petitioner's application for permission to appeal to the Tennessee Supreme Court (Docket Entry No. 19-9), he repeats verbatim issue #4 from his brief to the Court of Criminal Appeals (id. at 253-57), and further argues that "The Bias of the Trial Court Was So Extreme as to Violate the Defendant's Due Process Rights to a Fair Trial So That a New Trial

is the Only Available Remedy." Id. at 30-32. In arguing this point to the Tennessee Supreme Court, petitioner asserts that "[t]he Court of Criminal Appeals agreed [in reviewing the issue of whether the denial of petitioner's recusal motion was in error] that the judge exhibited bias but, curiously, did not grant a new trial. A new trial is the exclusive remedy when a judge is prejudiced against the defendant." Id. at 30.

Despite the lack of specific reference to the U.S. Constitution or other federal authorities in arguing the inappropriateness of the remedy of disqualification versus granting a new trial, the undersigned assumes without deciding, on the heels of the finding above regarding biased questioning of witnesses, that the federal character of this claim was fairly presented to the state courts.[3] However, it is clear to the undersigned that the claim's premise is flawed, inasmuch as it relies upon a factual finding that was never made: that the trial judge was biased against petitioner.

The decision of the Tennessee Court of Criminal Appeals -- after noting that, under state law and ethical canons, a trial judge's response to a motion for his or her recusal should be informed by an examination of both "subjective bias" and "whether the judge's impartiality might be reasonably questioned under an 'objective standard' -- observed that "[t]he latter standard 'takes into account that disqualification is required if there is an appearance of partiality to the reasonable observer, and it precludes a judge from avoiding recusal merely by avowing his or her impartiality.'" State v. Schiefelbein, 230 S.W.3d 88, 136-37 (Tenn. Ct. Crim. App. 2007). The court then made the following observations in

---

[3]Nowhere in the argument does petitioner use language or cite federal authorities that might clarify that he is relying on his federal due process rights. (Docket Entry No. 19-9 at 30-32) No issue of bias was presented during the state post-conviction litigation that immediately preceded this habeas action.

support of their finding that the trial judge's failure to recuse was a clear abuse of discretion:

> In the present case, we are struck by a combination of events: (1) the judge's punitive reaction toward trial counsel's relatively benign, though extrajudicial, comments about trial error; (2) the judge's failure to place on the record his findings and reasons for denying the motion to recuse; (3) the judge's restrictions on the defendant's right of discovery; and (4) the judge's credibility-bolstering examination of the victim-witness, though itself unworthy of a reversal.
>
> To elaborate, first, the judge's questioning of the victim during her trial testimony could appear to be for the purpose of eliciting her disavowals that her testimony was influenced or coached. Second, the reaction to counsel's post-trial comments evinces, at worst, an antipathy toward the defense or the defense attorney and, at best, a pharisaical attitude toward dissent that might tend to chill all but the most intrepid advocacy. Last, against this backdrop, we would have hoped that the trial judge would have made findings in support of his denial of the motion to disqualify. Such findings may well have addressed many of our concerns emerging from the circumstances described above. The court, however, entered no findings, a lapse that hardly serves to dispel a claim that the judge's partiality is reasonably in doubt.
>
> Given the totality of circumstances, we hold that the trial judge is disqualified from conducting further proceedings in this case.

Id. at 137.

The appellate court did not find that the trial judge was biased, only that he should be disqualified. There is a difference between a finding of actual bias -- a structural constitutional error subject to automatic reversal without the use of harmless error review[4] -- and a finding of the appearance of partiality to the reasonable observer given the totality of the circumstances, as was made in this case. In framing its opinion on the issue before it as one not based on evidence of "instances where [] the judge has a personal bias or prejudice

---

[4] See Neder v. United States, 527 U.S. 1, 8 (1999) (citing Tumey v. Ohio, 273 U.S. 510 (1927)).

concerning a party," id., but on circumstantial evidence prompting concerns of apparent partiality which "may well have [been] addressed" if the trial judge had supplied reasons in support of his denial of the recusal motion, the state court made clear that it did not find any proof supporting a constitutional violation rendering petitioner's trial and conviction fundamentally unfair. In Railey v. Webb, 540 F.3d 393 (6th Cir. 2008), the Sixth Circuit noted that "it is . . . clear that judicial disqualification based on a likelihood or an appearance of bias is not always of constitutional significance; indeed, 'most matters relating to judicial disqualification d[o] not rise to a constitutional level.'" 540 F.3d at 400 (quoting Fed. Trade Comm'n v. Cement Inst., 333 U.S. 683, 702 (1948)). The Sixth Circuit concluded that at that time there was no clearly established federal law which stated that the appearance of judicial bias was sufficient to violate the Fourteenth Amendment due process rights of the accused. Railey, 540 F.3d at 407.

        The same conclusion was drawn by the Fifth Circuit Court of Appeals in Richardson v. Quarterman, 537 F.3d 466 (2008). In Richardson, the trial judge's wife was an acquaintance of the victim whose murder Richardson was accused of, and a motion for his recusal was filed and denied. Richardson was subsequently convicted and sentenced, and his conviction was affirmed by the state appellate court. That court rejected Richardson's argument of bias by "appl[ying] the recusal standard set forth in Texas case law, and [holding] that the trial court should have recused Judge Henry Wade, Jr. because the 'undisputed evidence' at the recusal hearing demonstrated that 'a reasonable member of the public, knowing all the circumstances involved, would have questions or doubts as to the impartiality of the trial judge.'" Id. at 470. Nonetheless, the appellate court deemed the trial court's failure to recuse to be harmless error. It was not until state post-conviction

12

proceedings were underway in Richardson's case that the trial judge was disqualified from further participation in the case. The Fifth Circuit noted that "[g]enerally, the constitutional due process requirements regarding judicial impartiality are much narrower than the requirements found in recusal statutes and ethical canons." Id. at 474 n.4. After surveying opinions from the U.S. Supreme Court and various Circuit Courts of Appeal, id. at 475-78, the court in Richardson found that there is no clearly established Supreme Court precedent for the proposition that anything less than actual bias of the trial judge deprives the accused of due process.[5] The court concluded its analysis as follows:

> [W]e hold that the district court correctly concluded that it was not a federal due process violation or federal constitutional structural error, for the Texas courts to refuse to grant Richardson a new trial based on the appearance of bias in Judge Henry Wade, Jr. There is no clearly established law determined by the Supreme Court indicating that the mere appearance of bias in a trial judge such as to mandate recusal under state law constitutes a violation of the Due Process Clause, and requires automatic reversal in a case like Richardson's. Therefore, the Texas courts' decisions denying Richardson relief on his judicial recusal claim were not "contrary to," and did not involve an "unreasonable application of [] clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

Richardson, 537 F.3d at 478.

Consistent with the reasoning in Rainey and Richardson, the undersigned finds that the petitioner cannot prevail on his claim that the Tennessee Court of Criminal Appeals' ruling on his claim of judicial bias was contrary to, and an unreasonable application

---

[5]The court did note support in Supreme Court authority for three isolated exceptions to the requirement of actual bias in order to support a due process violation: "(1) when the judge 'has a direct personal, substantial, and pecuniary interest in the outcome of the case,' (2) when he 'has been the target of personal abuse or criticism from the party before him,' and (3) when he 'has the dual role of investigating and adjudicating disputes and complaints.'" Richardson, 537 F.3d at 475. None of these exceptions applied in that case, nor do they apply in the case at bar.

13

of, clearly established federal law insofar as the appellate court ruled that the trial judge was disqualified from further proceedings in petitioner's case, rather than ordering that the judgment against petitioner be reversed and a new trial be conducted.

In light of this finding of no valid habeas claim to structural error in petitioner's case based on actual bias of the trial judge, the undersigned would further find that the claimed due process violation resulting from the judicial bias exhibited in the questioning of witnesses, defended by respondent on grounds of procedural default due to trial counsel's failure to lodge a contemporaneous objection to the questioning, is properly before the court only to the extent that such default is excused by cause and prejudice. Petitioner has asserted, nominally on this motion, the ineffective assistance of his trial counsel in failing to object to the offending questions as cause excusing the procedural default. However, inasmuch as the petition also contains a claim to relief based on ineffective assistance of counsel, which was the subject of the state post-conviction litigation, the undersigned must conclude that it would be premature to address the alleged ineffectiveness on petitioner's discrete motion for summary judgment on his bias claims.

For these reasons, the undersigned concludes that petitioner has failed to establish that he is entitled to judgment as a matter of law on the undisputed factual record before the Court. Accordingly, his summary judgment motion should be denied.

III. RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that petitioner's motion for summary judgment (Docket Entry No. 49) be DENIED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 2nd day of March, 2015.

     s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE